CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **NATHANIEL BRUCE DUNMORE,**   ) | |
|     Petitioner,   ) | Case No. 7:24-cv-00468 |
| )  | |
| v.   ) | |
| )  | **By: Michael F. Urbanski** |
| **UNKNOWN,**   ) | **Senior United States District Judge** |
|     Respondent.   ) | |

## MEMORANDUM OPINION

Nathaniel Bruce Dunmore, a Virginia inmate proceeding <u>pro se</u>, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dunmore challenges his 2024 conviction for malicious wounding in the Circuit Court for the City of Roanoke.[1] Because Dunmore has not yet exhausted his state court remedies, the court will summarily dismiss the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state court remedies, Dunmore must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia.

---

[1] Although the petition does not identify the court in which Dunmore was convicted and sentenced, he complains of actions allegedly taken by Brenda S. Hamilton, the Clerk of the Circuit Court for the City of Roanoke, and he seeks to vacate his conviction for malicious wounding and be released from incarceration. See Pet. 4, ECF No. 1. State court records available online indicate that Dunmore entered a plea of no contest to an amended charge of malicious wounding on May 17, 2024, and that he was sentenced to an active term of imprisonment of three years. See <u>Commonwealth v. Dunmore</u>, No. CR23001629-00 (Roanoke City Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited July 22, 2024).

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). When a petitioner files a petition in federal court while he still has available state court proceedings in which to litigate his federal claims, the federal court must dismiss the petition without prejudice to allow the petitioner to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

Under Virginia law, a direct appeal must be filed "within 30 days after entry of final judgment." Va. Sup. Ct. R. 5A:6. After the time for direct appeal has expired, a petitioner confined pursuant to a state court judgment may challenge his conviction or sentence by filing a state habeas petition in the circuit court where he was convicted and appeal any unfavorable ruling to the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(A)(1). Alternatively, he may file a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route he pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. O'Sullivan, 526 U.S. at 845.

In this case, there is no indication that Dunmore filed a direct appeal or a state habeas petition. Because the time for filing a state habeas petition has not yet expired,[2] the court will

---

[2] A state habeas petition challenging a criminal conviction or sentence must be filed "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2). The one-year period for filing a federal habeas petition under § 2254 is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also id. § 2241(d)(1) (setting forth the one-year limitation period applicable to federal habeas petitions filed by state prisoners).

summarily dismiss Dunmore's § 2254 petition without prejudice to allow him to pursue any claims challenging his conviction or sentence in state court.[3] Slayton, 404 U.S. at 54.

For these reasons, Dunmore's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. An appropriate order will be entered.

Entered: August 9, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.09 11:51:18
-04'00'

Michael F. Urbanski
Senior United States District Judge

---

[3] The court notes that Dunmore's petition appears to contain some of the same allegations as the complaint in Dunmore v. Hamilton, No. 7:24-cv-00134-TTC, a separate civil rights action filed against the Clerk of the Circuit Court for the City of Roanoke and other defendants. The civil rights action remains pending at this time.